US v. Browns                          06-CR-071-SM  04/18/07

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America,
    Government

    v.                                    Criminal No. 06-cr-71-1,2-SM
                                      Opinion No. 2007 DNH 054

Elaine A. Brown and
Edward L. Brown,
    Defendants

## O R D E R (Ancillary Proceeding)

The State of New Hampshire has filed a petition for ancillary proceedings to determine its rights to property owned by the defendants and subject to partial federal criminal forfeiture.  Fed. R. Cr. P. 32.2  The government has not responded.

Counsel to the government and State shall confer and file either a joint stipulation as to the priority of their respective rights to the forfeited property, or, failing agreement, the parties shall file motions for summary judgment, supported by legal memoranda, setting forth their respective priority claims and the bases upon which they claim superiority.  The material facts appear to be undisputed and priority ought to be resolvable

as a matter of law. The stipulation or motions shall be filed on or before Monday, April 23, 2007.

The court notes that defendants' real estate is subject to partial criminal forfeiture to the following extent: $42,840.16 of the value of 27 Glen Road, West Lebanon, New Hampshire, and $27,997.13 of the value of 401 Center of Town Road, Plainfield, New Hampshire. Ownership of the real estate, beyond what the government acquires through forfeiture, seemingly will remain with defendants, albeit subject to the usual liens and encumbrances of record. See, e.g., United States v. Serendensky, 393 F.3d 348 (2d Cir. 2004). A money judgment against defendants in the amount of $215,890.47 (representing the forfeited money orders whose proceeds are not traceable to the identified real estate) will also be entered in favor of the government, giving the government the same collection rights with respect to that amount as a plaintiff in a civil case. United States v. Hall, 434 F.3d 42, 59 (1st Cir. 2006). And, the government can be expected to pursue civil remedies to recover all back federal taxes, interest, and penalties owed by defendants.

The State's interest in the residential and commercial property appears to arise from a state tax lien dated August 29,

2

2006, in the amount of $342,844.68, representing unpaid state business taxes assessed against Dr. Brown and owed for tax years 1999-2002. The State's lien was amended as of December 29, 2006, presumably to add accumulating interest, for a total current lien amount of $348,235.32. The State's lien appears to have been recorded in the appropriate land records.

Given that the government's title to the property to be forfeited is limited in degree and relates back to the date when the criminal conduct was committed, it may be that there is no priority dispute, at least not with respect to the government's claim of entitlement. See 21 U.S.C. § 853(n); United States v. McClung, 6 F.Supp. 2d 548, 600-01 (W.D. Va. 1998). And, there may be sufficient equity in the property to satisfy both claims, making the State's claim unnecessary. In any event, a hearing does not appear to be required since the material facts do not appear to be subject to reasonable dispute.

## Conclusion

The State and government shall file either a stipulation regarding the priority of their respective rights in the partially forfeited property, or cross-motions for summary

judgment with respect to priority, on or before Monday, April 23, 2007.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 18, 2007

cc:  Robert J. Rabuck, Esq.
     William E. Morse, Esq.
     Glenn A. Perlow, Esq.
     Elaine A. Brown, pro se
     Edward L. Brown, pro se
     U.S. Marshal
     U.S. Probation